# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 2:18-CV-14487-ROSENBERG/MAYNARD

MARK HADDEN,

    Plaintiff,

v.

STATE OF FLORIDA,

    Defendant.

_____/

### ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT WITH PREJUDICE, AND CLOSING CASE

**I.    PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* IS GRANTED.**

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") [DE 3]. The Court has reviewed the IFP Motion and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's IFP Motion is **GRANTED**.

A district court may authorize the commencement of a civil action without prepayment of fees or the giving of security if the plaintiff has filed an affidavit indicating that he is unable to pay such fees or give such security. *See* 28 U.S.C. § 1915(a)(1).[1] A court has wide discretion in determining whether to grant or deny an IFP motion. *Martinez*, 364 F.3d at 1306. Section

---

[1] Section 1915(a)(1) provides as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

1915(a) "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The only determination to be made by a court when considering a motion under § 1915(a) is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for indigent status under § 1915." *Id.* (quotation marks omitted). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

Here, Plaintiff's IFP Motion includes a declaration that his monthly income is $672 in disability payments. DE 3 at 2. He declares that he has $100 in a checking account. *Id.* He declares that his average monthly expenses total $470. *Id.* at 4-5.

Plaintiff's IFP Motion demonstrates that, due to his financial circumstances, he "is unable to pay for the court fees and costs, and to support and provide necessities for himself." *See Martinez*, 364 F.3d at 1307. His IFP Motion is sufficient on its face to show that he is eligible to proceed IFP. For these reasons, Plaintiff's IFP Motion is granted.

**II.     PLAINTIFF'S COMPLAINT IS DISMISSED WITH PREJUDICE.**

Because Plaintiff is proceeding IFP in this case, the Complaint is subject to screening by the Court. *See* 28 U.S.C. § 1915(e)(2). To survive screening, a plaintiff must state a claim upon which relief may be granted. *See id.* § 1915(e)(2)(B)(ii). A pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "must contain sufficient factual matter, which, accepted as true, states a claim for relief that is plausible on its face." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253

(11th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face when there is a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation marks omitted).

Here, Plaintiff has filed a civil rights Complaint under 42 U.S.C. § 1983 against the State of Florida, alleging cruel and unusual punishment and violation of his rights to due process and equal protection of the law. DE 1. He alleges that he pled no contest to criminal offenses in 1997 and that his sentence required him to register as a sex offender. *Id.* at 2. He alleges that "registration was not part of his plea agreement and was implemented and imposed upon [him] without an opportunity to be heard or withdraw his plea agreement." *Id.* Plaintiff seeks injunctive relief in the form of a stay of any court proceedings relating to his registration requirement and seeks a declaration that he is not required to register as a sex offender. *Id.* at 2-3.

Section 1983 permits a civil action for a deprivation of any right, privilege, or immunity guaranteed by the Constitution or federal laws by a "person" acting under color of state law. *See* 42 U.S.C. § 1983. A state is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1278 (11th Cir. 2018) (stating that the State of Florida is not a "person" within the meaning of § 1983). Consequently, Plaintiff's Complaint, which lists only the State of Florida as a defendant, fails to name a proper defendant in this § 1983 action.

In addition, the Court construes Plaintiff's allegation that registration was not a part of his plea agreement as a challenge to the validity of his 1997 plea. His claim of a constitutional violation at the time of his plea over two decades ago is untimely. *See Henyard v. Sec'y, DOC*, 543 F.3d 644, 647 (11th Cir. 2008) (stating that a § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations). Because the applicable statute of

limitation bars Plaintiff's claim in this § 1983 action, the Court concludes that permitting Plaintiff an opportunity to amend the Complaint would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (explaining that a plaintiff generally must be given an opportunity to amend a complaint when a more carefully drafted complaint might state a claim for relief, but need not be given such an opportunity when amendment would be futile). As a result, the Complaint is dismissed with prejudice.

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [DE 3] is **GRANTED**.

2. Plaintiff's Complaint [DE 1] is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court is instructed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of November, 2018.

Copies furnished to:
Counsel of record
Clerk of Court

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE